Soheyl Tahsildoost (Bar No. 271294)
Mehgan Gallagher (Bar No. 338699)
THETA LAW FIRM, LLP
15901 Hawthorne Blvd., Ste. 270
Lawndale, CA 90260
Telephone: (424) 297-3103
Facsimile: (424) 286-2244
eservice@thetafirm.com

Attorneys for Defendant Mercedes-Benz USA, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRNA FLAMENCO,<br><br>          Plaintiff,<br><br>vs.<br><br>MERCEDES-BENZ USA, LLC and DOES 1 to 50,<br><br>          Defendants. | Case No.:  8:22-cv-00082<br>[Orange County Superior Court Case No. 30-2021-01215912-CU-BC-CJC]<br><br>**MERCEDES-BENZ USA, LLC'S, NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 & 1446; DECLARATION OF MEHGAN GALLAGHER**<br><br>Complaint Filed:    August 13, 2021 |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Mercedes-Benz USA, LLC ("MERCEDES-BENZ"), by its undersigned attorneys, hereby removes the above-captioned civil action, and all claims and causes of action therein, from the Superior Court of California, County of Orange, to the United States District Court for the Central District of California.  Defendant MERCEDES-BENZ states as follows:

## I.    **STATEMENT OF FACTS**

Plaintiff filed her Complaint on August 13, 2021 in the Superior Court of the State of California for the County of Orange, entitled "MIRNA FLAMENCO v. MERCEDES-

1

BENZ USA, LLC, and DOES 1 through 50," ("State Court Case"), Case No. 30-2021-01215912-CU-BC-CJC and the summons and complaint were served on MBUSA on September 7, 2021. (Declaration of Mehgan Gallagher ("Gallagher Decl." ¶ 2, Exhibit A.) On October 7, 2021, Defendant MBUSA filed a notice of removal based on diversity jurisdiction, Case No. 8:21-cv-01675-DOC-KES. (*Id.* ¶ 3, Exhibit B.)

On October 28, 2021, Plaintiff amended her Complaint and added Defendant Mercedes-Benz of Ontario, which would destroy diversity.  (*Id.* ¶ 4, Exhibit C.) On November 8, 2021, Plaintiff filed a Motion to Remand. (*Id.* ¶ 4, Exhibit D.) On November 9, 2021, Defense Counsel reached out to Plaintiff's Counsel to discuss this case and the possibility of stipulating to remand the case to state court on the condition that Plaintiff agree not to dismiss Defendant Mercedes-Benz of Ontario.  On November 10, 2021, the parties had a telephonic call regarding stipulating to remand the case to state court. (*Id.* ¶ 6, Exhibit E.)

On November 10, 2021, Defense Counsel sent a draft of the stipulation and supporting documents to Plaintiff's Counsel for review and signature.  (*Id.* ¶ 7, Exhibits F-G.) Over the next few days, Defense Counsel called, left voicemails, and emailed Plaintiff's Counsel to follow up on the status of the stipulation, as well as an extension for Defendant's responsive pleading, yet Plaintiff's Counsel did not respond to any of Defense Counsel's requests.  (*Id.* ¶ 8, Exhibits H-L.) On November 17, 2021, Plaintiff filed a reply in support of her Motion to Remand and notice of non-opposition. (*Id.* ¶ 9, Exhibit M.) On November 17, 2021, Defendant MBUSA filed a notice regarding remand informing the Court of Defense Counsel's attempt to compromise and stipulate to remand following Plaintiff's addition of a new defendant. (*Id.* ¶ 10, Exhibit N.)

On November 18, 2021, Honorable David O. Carter issued an order granting Plaintiff's Motion to Remand based on the fact the parties agreed to remand. (*Id.* ¶ 11, Exhibit O.) Again, the sole reason that remand was agreed was because diversity had been eliminated with the addition of the dealership defendant.  On December 20, 2021,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendants filed a Motion to Compel Binding Arbitration in state court, relying on the contract between the added dealership defendant along with equitable estoppel and third-party beneficiary arguments with respect to MBUSA.  (*Id.* ¶ 12.) On December 23, 2021, Plaintiff filed a Request for Dismissal in the state court action as to Defendant Mercedes-Benz of Ontario only, in an attempt to weaken Defendants' pending Motion to Compel Binding Arbitration.  (*Id.* ¶ 13, Exhibit P.) On December 23, 2021, Plaintiff initiated a separate Demand for Arbitration as to Defendant Mercedes-Benz of Ontario only outside of the state court action. (*Id.* ¶ 14, Exhibit Q.)  Plaintiff's actions are the very definition of purposeful and calculated bad faith attempts at forum shopping (using the addition of a dealership defendant to avoid federal court and then dropping the dealership defendant in state court in an attempt to avoid arbitration).

## II.   <u>JURISDICTION AND AUTHORITY FOR REMOVAL</u>

On August 13, 2021, an action was commenced by Plaintiff Mirna Flamenco ("Plaintiff") against Defendant MERCEDES-BENZ in the Superior Court of the State of California for the County of Orange, entitled "MIRNA FLAMENCO v. MERCEDES-BENZ USA, LLC, and DOES 1 through 50," ("State Court Case"), Case No. 30-2021-01215912-CU-BC-CJC.  The summons and complaint were served on MERCEDES-BENZ on September 7, 2021. (Gallagher Decl. ¶ 2.) On October 7, 2021, Defendant MBUSA timely removed this action to the United States District Court for the Central District of California, Case No. 2:21-cv-8024. (*Id.* ¶ 3.) On October 28, 2021, Plaintiff amended her Complaint and added Defendant Mercedes-Benz of Ontario (a California entity dealership) in an attempt to destroy diversity.  (*Id.* ¶ 4, Exhibit C.) Defendant subsequently agreed to stipulate to remand on the condition that Plaintiff did not dismiss Defendant Mercedes-Benz of Ontario once the case was remanded.  Defendant wanted that assurance so the exact gamesmanship and bad faith forum shopping that has taken place in this action by Plaintiff, would not occur.  However, Plaintiff's Counsel ignored Defense Counsel's attempts to stipulate. (*Id.* ¶ 6-10.)  Shortly after the case was remanded (solely

on the basis that the parties agreed to remand based on Plaintiff adding another defendant in an attempt to destroy diversity) and just days after Defendants filed a Motion to Compel Binding Arbitration, Plaintiff dismissed the state court action against only Defendant Mercedes-Benz of Ontario on December 23, 2021.  (*Id.* ¶ 11-14.) Therefore, this removal is timely under 28 U.S.C. §1446(b)(3) which provides:

> . . . if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. *Id.*

Based on the above timeline, this case became removable (again) following Plaintiff's bad faith actions of only adding Defendant Mercedes-Benz of Ontario to destroy diversity and have the case sent back to State Court only to then dismiss Defendant Mercedes-Benz of Ontario shortly thereafter.  Defendant Mercedes-Benz of Ontario was dismissed on December 23, 2021 and therefore this removal is timely.

The Central District of California encompasses Orange County.  Venue is appropriate based on the fact that this action was filed in Orange County and based on the allegations in the Complaint in the State Court Case. This Court has complete diversity jurisdiction over this action.  For diversity purposes, a natural person is a "citizen" of the state which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983). A natural person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.,* 265 F.3d. 853, 857 (9th Cir. 2001).

Plaintiff, at the time this action was commenced, was and still is a citizen of the State of California. (Exhibit R to Gallagher Decl., Lease Agreement.) Defendant MBUSA, at the time this action was commenced, was and still is a limited liability company. The citizenship of a limited liability company for diversity purposes is determined by examining the citizenship of each member of the company. *Johnson v. Columbia Properties. Anchorage, LP,* 437 F.3d 894, 899-900 (9th Cir. 2006); *Rolling Greens MHP,*

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*L.P. v. Comcast SCH Holdings,* LLC, 374 F.3d 1020, 1021-22 (11th Cir. 2004). A member of a limited liability company is a person who has been admitted to a limited liability company as a member. *See* Cal. Corp. Code, § 17701.02(p); 6 Del. Code § 18-101(11).

MBUSA is again the only named defendant in this action. (Gallagher Decl. ¶¶ 2, 4, 13, 16, Exhibits A, C, P.) Defendant MBUSA, at the time this action was commenced, was and still is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in the State of Georgia, and was not and is not organized under the laws of the State of California, wherein this action was brought. (*Id.* ¶ 16.) The sole member of MBUSA is Daimler North America Corporation ("DNAC"). DNAC is a Corporation organized under the laws of the State of Delaware with its principal place of business in Farmington Hills, Michigan. (*Id.*) Neither MBUSA nor its sole member is a citizen of the State of California. (*Id.*)

Complete diversity existed when this matter was first removed to federal court and before Plaintiff undertook the improper and bad faith action to add a defendant for the sole purpose of destroying diversity. As explained above, although Plaintiff previously added Defendant Mercedes-Benz of Ontario in an attempt to defeat diversity, that defendant was dismissed almost immediately after remand back to state court and Defendant Mercedes-Benz is again the only named defendant. (Gallagher Decl. ¶¶ 2, 4, 13, 16, Exhibits A, C, P.) The addition of Defendant Mercedes-Benz of Ontario was nothing more than pretext to attempt to avoid the jurisdiction of the Federal Court, a fact that is wholly supported by the procedural case facts and history of this matter as related herein. Given that Plaintiff dismissed Defendant Mercedes-Benz of Ontario almost immediately after remand (after adding Defendant Mercedes-Benz of Ontario to the action for the sole purpose of defeating diversity in bad faith), MBUSA is once again the only named defendant and diversity exists at the time of removal. There are no other named defendants that can defeat diversity. "Doe" defendants may be ignored for removal purposes. *See Salveson v. Western State Bank Card Assn.,* 731 F.2d 1423 (9th Cir. 1984).

MERCEDES-BENZ USA, LLC'S, NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 & 1446;
DECLARATION OF MEHGAN GALLAGHER

Plaintiff is alleging multiple violations of the Song-Beverly Consumer Warranty Act along with a violation of the Bus. & Prof. Code 1753; 17535, and claims for conversion and negligence. Plaintiff alleges that Plaintiff leased the vehicle on or about September 13, 2019. (Exhibit C to Gallagher Decl., First Amended Complaint ("FAC") ¶ 5.)  Plaintiff is seeking a declaration that Defendant is required to replace or repurchase Plaintiff's vehicle, damages and restitution (in the amount of at least $77,308.32), plus incidental and consequential damages, a civil penalty of at least $154,616.64 pursuant to California Civil Code section 1794 subdivision (c) and (e), an order enjoining Defendants from engaging in any act or practice constituting a violation of Business & Professions Code section 17531, punitive damages, along with attorneys' fees, costs of suit, and prejudgment interest. (Exhibit C to Gallagher Decl., FAC ¶¶ 5, 9, and Prayer for Relief, 15:11-16:9.) The amount in controversy requirement may be established by showing that such damages are "facially apparent" from the Plaintiff's Complaint, or by setting forth facts in the notice of removal that support a finding of the requisite amount. *See Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999).

Civil penalties under the Song-Beverly Act are properly included in the amount in controversy. *Brady v. Mercedes Benz,* 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002); *See also Chabner v. United of Omaha Life Ins. Co.,* 225 F.3d 1042, 1046, n.3 (9th Cir. 2000) (civil penalties under Cal. Civ. Code§ 52, subd. (a) and punitive damages are included in the amount in controversy). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co. v. Owens,* 135 S.Ct. 547, 553 (2014).

As is facially apparent in the First Amended Complaint, Plaintiff seeks "[t]he total consideration which Plaintiff paid or agreed to pay, including taxes, license, and finance charges is $77,308.32." (Exhibit C to Gallagher Decl., FAC ¶ 5; *see also* Exhibit R, Lease Agreement.) Additionally, Plaintiff seeks incidental and consequential damages along with

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

punitive damages and civil penalty damages.   In the prayer for relief in the FAC, Plaintiff specifically seeks an amount of *at least* $77,308.32 as damages and restitution as well as at least an additional $154,616.64 in civil penalties. (Exhibit C to Gallagher Decl., FAC, Prayer for Relief 15:11-16:9 emphasis added.) Therefore, the amount in controversy requirement being met is facially apparent and is well in excess of $75,000.

Typically, attorneys' fees are not considered part of the amount in controversy for diversity purposes. *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir.1998). However, where an underlying statute, such as the Song-Beverly Act, authorizes an award of attorneys' fees, such fees may be included in calculating the amount in controversy. *See Id.; Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1265 (11th Cir.2000). Further, the amount in controversy is an estimate of the amount in dispute, rather than an assessment of the defendant's potential liability. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Once the party seeking federal jurisdiction provides plausible explanation for how the amount in controversy is met, the matter should remain in federal Court unless plaintiff cannot possibly recover that amount. *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008). Additionally, the *Brady* Court also agreed with the line of cases that held that a reasonable estimate of fees likely to be recovered may be used in calculating the amount in controversy. *See Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir.1998); *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1034-35 (N.D.Cal.2002); *Gerig v. Krause Publications, Inc.*, 58 F.Supp.2d 1261, 1265 (D.Kan.1999); *Plus System, Inc. v. New England Network, Inc.*, 804 F.Supp. 111, 116-17 (D.Colo.1992). A reasonable estimate of attorneys' fees is also properly included. *Id.* at 1010-1011. Fee awards in Song-Beverly cases may be substantial, even in cases that are settled without trial. *See*, e.g., *Goglin v. BMW of N. Am., LLC*, 4 Cal.App.5th 462, 470 (2016) ($185,214.19 fee); *Gezalyan v. Mercedes-Benz USA, LLC*, 697 F.Supp.2d 1168, 1171 (C.D. Cal. 2010) ($50,404.34 fee).

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### III.   PLAINTIFF'S PREVIOUS ATTEMPTS TO DESTROY DIVERSITY BY ADDING DEFENDANT MERCEDES-BENZ OF ONTARIO THEN IMMEDIATELY DISMISSING THAT DEFENDANT FOLLOWING REMAND WERE DONE IN BAD FAITH AND SHOULD NOT BE REWARDED

Plaintiff has attempted to "game the system" in bad faith in an effort to defeat diversity and take away the jurisdiction of this Court after Defendant MBUSA properly removed this case from State Court.  First, Plaintiff added Mercedes-Benz of Ontario as a defendant to defeat diversity after Defendant's removal of this matter as Mercedes-Benz of Ontario is a California entity.  Then, Plaintiff failed to communicate with Defendant to stipulate that the matter could be remanded as long as Mercedes-Benz of Ontario would not be dismissed as a defendant while the pleadings played out in state court (as this would be clear evidence of forum shopping and jurisdiction manipulation).  Finally, and almost incredibly, once the matter was remanded, Plaintiff did in fact almost immediately dismiss the dealer.  Plaintiff has taken very real and improper steps to manipulate the rules all in an effort to avoid the jurisdiction of the federal court.  "[D]iscouraging forum-shopping is a legitimate goal for the federal courts." *Org. for Advancement of Minorities with Disabilities v. Brick Oven Rest*., 406 F. Supp. 2d 1120, 1131 (S.D. Cal. 2005) (citing *Hanna v. Plumer,* 380 U.S. 460, 475–77, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965)); *Dalfio v. SECVD & I, Inc.,* No. 21-CV-929-MMA (AGS), 2021 WL 4197203, at *4 (S.D. Cal. Sept. 15, 2021).  California Courts have dismissed cases for improper forum shopping and or joining parties simply to destroy diversity.  *See Escalante v. Burlington National Indemnity, Ltd.,* 2014 WL 6670002, at *3 (C.D. Cal. Nov. 24, 2014) ("examples of bad faith include removal-defeating strategies such as fraudulently joining parties to destroy diversity"); *Sequeira v. Lincoln National Life Insurance Co.,* 2012 WL 260030, at *2 (E.D. Cal. Jan. 27, 2012).  There is no doubt that Plaintiff's actions here to add Mercedes-Benz of Ontario was done as a strategy with the sole intent of improperly destroying diversity.

As detailed above, MBUSA previously timely removed this case based on

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

diversity jurisdiction.  (Gallagher Decl. ¶ 3.) Plaintiff then amended her Complaint and added Defendant Mercedes-Benz of Ontario (a California independent entity) to destroy diversity.  (*Id.* ¶ 4.) Defendant subsequently agreed to stipulate to remand on the condition that Plaintiff did not dismiss Defendant Mercedes-Benz of Ontario.  Defendant did not want the gamesmanship and forum shopping that Plaintiff clearly intended from the outset when adding Mercedes-Benz of Ontario to the action and filing a motion for remand.  However, Plaintiff's Counsel ignored Defense Counsel's attempts to stipulate. (*Id.* ¶ 6-10.) Shortly after the case was remanded (solely on the basis that the parties agreed to remand based on Plaintiff adding a defendant that destroyed diversity) and after Defendants filed a Motion to Compel Binding Arbitration (which is still pending before the state court), Plaintiff's Counsel dismissed the state court action against Defendant Mercedes-Benz of Ontario only, showing that Plaintiff never intended to have Mercedes-Benz of Ontario as defendant except for purposes of destroying diversity and having this matter remanded back to State Court.  (*Id.* ¶ 11-14.) Plaintiff's actions were clearly done in bad faith and have not gone unnoticed.  These types of tactics cannot be allowed.

## IV.   JUDICIAL ECONOMY, CONVENIENCE, FAIRNESS, AND COMITY FAVOR THIS COURT EXERCISING JURISDICTION

This Court should consider factors such as judicial economy, convenience, fairness, and comity when determining whether to retain jurisdiction. *United Mine Workers v. Gibbs,* 383 U.S. 715 (1966)*; Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 352 (1988). All of these factors favor this Court retaining jurisdiction. Plaintiff would not be burdened because this Court (like the State Court where this case was originally filed) is located in Orange County. On the other hand, proceeding in this Court is fair to Defendant who is not domiciled in California. (Gallagher Decl. ¶ 16.) Moreover, as explained above the comity and fairness factors weigh in favor of retaining jurisdiction. Defendant previously properly removed this case and it was only remanded based on Plaintiff's fraudulent and bad faith actions of improperly adding a party to destroy diversity.  That party (Mercedes-Benz of Ontario) was then almost immediately dismissed once the action

was back in state court following remand. Plaintiff should not be rewarded, and likewise, Defendant should not be punished, for Plaintiff's actions. If any questions remain as to the actions of Plaintiff, Defendant would welcome the Court to set a hearing so that Plaintiff's Counsel can explain these actions, on the record.

Any claims that state courts are the more appropriate venue for this case, fails because (1) Federal Courts sitting in diversity will apply the same laws as State Courts, and (2) Federal Courts are also well-suited to adjudicate "lemon law" cases given that there is a Federal lemon law statute, namely the Magnuson-Moss Consumer Warranty Act. 15 U.S.C. § 2301 et. seq. Therefore, this Court should exercise its discretion to retain jurisdiction over this case.

## V. <u>THERE ARE NO GROUNDS FOR ABSTENTION</u>

The fact that this action involves issues of state law does not divest this Court of jurisdiction. By definition, every case in which the District Courts exercise diversity jurisdiction involves issues of state law. This case does not contain an unresolved issue of state law, a "sensitive area of social policy," or "complex issues of state law and policy" that are supposedly implicated by Plaintiff's lemon law claim, nor is there evidence that Plaintiff's claims will somehow interfere with California's authority over its own statutes, regulatory programs, and public policy. Indeed, district courts within this State routinely take up these cases with the exact same causes of action alleged as in this case.

## VI. <u>NOTICE TO PLAINTIFF AND THE SUPERIOR COURT OF REMOVAL OF THE CIVIL ACTION</u>

Defendant MBUSA will promptly serve a copy of this Notice of Removal on counsel for Plaintiff and will file a copy of this Notice of Removal with the Clerk of the Superior Court of California for the County of Orange pursuant to 28 U.S.C. § 1446(d).

Dated:  January 18, 2022          THETA LAW FIRM, LLP



_____

MEHGAN GALLAGHER
Attorney for Defendant Mercedes-Benz USA, LLC

10

**PROOF OF SERVICE**
**(Code Civ. Proc., § 1013a(3) Revised 5-1-88)**

I am over the age of 18, not a party to this action, and employed in the county where this mailing occurred.  My business address is 15901 Hawthorne Blvd., Suite 270, Lawndale, CA 90260.  My E-service address is: eservice@thetafirm.com.  On **January 18, 2022**, I served the following documents described as **MERCEDES-BENZ USA, LLC'S, NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 & 1446; DECLARATION OF MEHGAN GALLAGHER,** on interested parties in this action by placing original/true copies thereof in sealed envelopes addressed as follows:

| | |
|---|---|
| Kalman A. Hutchens<br>HUTCHENS LAW, APC<br>20902 Brookhurst St., Suite 210 -<br>Huntington Beach, California 92646<br>Tel: +1(714) 406-2624<br>Fax: +1(657) 276-6881<br>kalman@hutchenslemonlaw.com | Martin W. Anderson<br>Anderson Law Firm<br>2070 N. Tustin Ave.,<br>Santa Ana, CA 92705<br>Tel: +1 (714) 516-2700<br>Fax: +1 (714) 532-4700<br>martin@andersonlaw.net |

☐       BY MAIL:  I deposited such envelope in the mail at Lawndale, California.  The envelope was mailed with proper postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Said mailing is deposited with the United States Postal Service on that same day in the ordinary course of business and there is delivery service by United States mail at the place so addressed.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐       BY PERSONAL SERVICE:  I delivered such envelope by hand to the individual(s) listed on the above service list.

☒       BY ELECTRONIC TRANSMISSION:  I caused to be electronically transmitted such document referenced above to the individual(s) listed on the above service list.

☐       BY FACSIMILE TRANSMISSION:  I transmitted the facsimile to the individual(s) listed on the above service list at the facsimile number listed thereon.  The telephone number on the facsimile machine I used is (424) 286-2244.  The facsimile machine I used complied with Rule 2.306 and no error was reported by the machine.  Pursuant to Rule 2.306, I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

☐       BY OVERNIGHT DELIVERY:  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person at the above-address.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on **January 18, 2022** at Lawndale, California.

_____
Steven Correa

MERCEDES-BENZ USA, LLC'S, NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 & 1446; DECLARATION OF MEHGAN GALLAGHER