# EXHIBIT A



# PROCESS SERVER DELIVERY DETAILS

**Date:**             Tue, Sep 7, 2021

**Server Name:**      George Todd

Entity Served        MERCEDES-BENZ USA, LLC

Case Number          30-2021-01215912-CU-BC-CJC

Jurisdiction         CA



Electronically Filed by Superior Court of California, County of Orange, 08/13/2021 07:24:01 PM.
30-2021-01215912-CU-BC-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Hailey McMaster, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MERCEDES-BENZ USA, LLC and DOES 1 to 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MIRNA FLAMENCO

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of the State of California, County of Orange
700 Civic Center Drive West, Santa Ana California 92701

CASE NUMBER: *(Número del Caso):*
30-2021-01215912-CU-BC-CJC

Judge Nancy E. Zeltzer

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kalman A. Hutchens, 20902 Brookhurst St., Suite 210, Huntington Beach, California 92646, Tel: +1 (714) 406-2624.

| DATE: *(Fecha)* | 08/13/2021 | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by *(Secretaria)* | H. McMaster | , Deputy *(Adjunto)* |
|---|---|---|---|---|---|

Hailey McMaster

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* *Mercedes - Benz USA, LLC*

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☒ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* *LLC*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

Case 8:22-cv-00082-JVS-KES   Document 1-2   Filed 01/18/22   Page 4 of 20   Page ID #:20
Electronically Filed by Superior Court of California, County of Orange, 08/13/2021 07:24:01 PM.
30-2021-01215912-CU-BC-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Hailey McMaster, Deputy Clerk.

**HUTCHENS LAW, APC**
Kalman A. Hutchens (State Bar No. 270430)
20902 Brookhurst St., Suite 210
Huntington Beach, California 92646
Tel: +1 (714) 406-2624 • Fax: +1 (657) 276-6881

Attorneys for Plaintiff Mirna Flamenco

HUTCHENS LAW, APC
20902 BROOKHURST ST., SUITE 210
HUNTINGTON BEACH, CALIFORNIA 92646
TELEPHONE: +1 (714) 406-2624

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE

## CENTRAL JUSTICE CENTER

**Assigned for All Purposes**
Judge Nancy E. Zeltzer

| | |
|---|---|
| MIRNA FLAMENCO, | Case Number  30-2021-01215912-CU-BC-CJC |
| Plaintiff, | **COMPLAINT** |
| | **DEMAND FOR ELECTRONIC SERVICE** |
| v. | **DEMAND FOR JURY TRIAL** |
| MERCEDES-BENZ USA, LLC and DOES 1 to 50, | |
| Defendants. | |

Plaintiff alleges as follows:

### Common Allegations

1.     As used in this Complaint, the word "Plaintiff" shall mean Plaintiff Mirna Flamenco.

2.     Plaintiff is ignorant of the true names and capacities of the Defendants sued under the fictitious names DOES 1 to 50.  They are sued pursuant to Code of Civil Procedure section 474.  When Plaintiff becomes aware of the true names and capacities of the Defendants sued as DOES 1 to 50, Plaintiff will amend this Complaint to state their true names and capacities.

- 1 -

3.      Defendants DOES 11 to 20 are persons who aided, abetted, and/or ratified the conduct alleged in this Complaint.

4.      On or about September 13, 2019, Plaintiff leased a 2019 Mercedes-Benz E450A (hereafter "Vehicle") which was manufactured, distributed, or sold by Defendants Mercedes-Benz USA, LLC and DOES 1 to 10 (hereafter "Defendant Warrantor"). The total consideration which Plaintiff paid or agreed to pay, including taxes, license, and finance charges is $77,308.32. The Vehicle was leased and/or used primarily for personal, family, or household purposes, or qualifies as a new motor vehicle under subdivision (e)(2) of Civil Code section 1793.22. Plaintiff leased the Vehicle from a person or entity engaged in the business of manufacturing, distributing, or selling consumer goods at retail.

5.      Plaintiff's agreement to lease the Vehicle is subject to the provisions of Civil Code § 2986.10, which provides that "[a]n assignee of the lessor's rights is subject to all equities and defenses of the lessee against the lessor, notwithstanding an agreement to the contrary . . . ." Defendants DOES 21 through 30 are or, at one time, were assignees of the lease and are thus subject to all equities and defenses which Plaintiff could assert against the lessor.

6.      In connection with the lease, Plaintiff received an express written warranty in which Defendant Warrantor undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time. The warranty provided, in relevant part, that in the event a defect developed with the Vehicle during the warranty period, Plaintiff could deliver the Vehicle for repair services to Defendant Warrantor's representative and the Vehicle would be repaired.

7.      During the warranty period, the Vehicle contained or developed various defects, including, but not limited to, *defects which cause keyless entry to not work, defects which cause trunk to make a popping noise, defects which cause trunk to spring open quickly, defects which cause key to not open trunk lid, defects which cause left rear window to not roll up, defects which cause loud rattle noise from engine, defects which cause keyless go function to not work correctly, defects which cause command control knob to not scroll at times, defects which cause the vehicle to shake when starting, defects which cause command screen to turn off on its

HUTCHENS LAW, APC
20902 BROOKHURST ST., SUITE 210
HUNTINGTON BEACH, CALIFORNIA 92646
TELEPHONE: +1 (714) 406-2624

1   own while still having sound, defects which cause the sideview mirrors to not unfold when

2   driving, defects which cause the "key not detected error" to come on when the key is present,

3   and defects which cause the temperature gauge to blink red.

4       8.      Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the

5   Vehicle, and has exercised a right to cancel the sale.  By serving this Complaint, Plaintiff does so

6   again.  Accordingly, Plaintiff seeks the remedies provided in California Civil Code section

7   1794(b)(1), including the entire purchase price.  In the alternative, Plaintiff seeks the remedies

8   set forth in California Civil Code section 1794(b)(2), including the diminution in value of the

9   Vehicle resulting from its defects.  Plaintiff believes that, at the present time, the Vehicle's value

10  is *de minimis*.

## FIRST CAUSE OF ACTION

## BY PLAINTIFF MIRNA FLAMENCO AGAINST DEFENDANTS MERCEDES-BENZ USA, LLC AND DOES 1 TO 30

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY

## CAL. CIV. CODE § 1794

16      9.      Plaintiff incorporates by reference the allegations contained in paragraphs 1

17  through 8, above.

18      10.     Pursuant to Civil Code §§ 1792 and 1791.1, the sale of the Vehicle was

19  accompanied by Defendant Warrantor's implied warranty of merchantability.  The duration of

20  the implied warranty is coextensive in duration with the duration of the express written warranty

21  provided by Defendant Warrantor.

22      11.     The implied warranty of merchantability means and includes that the Vehicle will

23  comply with each of the following requirements:  (1) The Vehicle will pass without objection in

24  the trade under the contract description; (2) The Vehicle is fit for the ordinary purposes for which

25  such goods are used; (3) The Vehicle is adequately contained, packaged, and labeled; and (4)

26  The Vehicle will conform to the promises or affirmations of fact made on the container or label.

27      12.     During the time period in which the implied warranty was in effect, the Vehicle

28  contained or developed the defects stated in paragraph 7, above.  The existence of each of these

HUTCHENS LAW, APC
20902 BROOKHURST ST., SUITE 210
HUNTINGTON BEACH, CALIFORNIA 92646
TELEPHONE: +1 (714) 406-2624

- 3 -

1    defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass

2    without objection in the trade under the contract description, (2) is not fit for the ordinary

3    purposes for which such goods are used, (3) is not adequately contained, packaged, and labeled,

4    and (4) does not conform to the promises or affirmations of fact made on the container or label.

5        13.     Plaintiff has been damaged by Defendant Warrantor's failure to comply with its

6    obligations under the implied warranty, and therefore brings this claim pursuant to Civil Code §

7    1794.

8                        **SECOND CAUSE OF ACTION**

9    **BY PLAINTIFF MIRNA FLAMENCO AGAINST DEFENDANTS MERCEDES-BENZ**

10                     **USA, LLC AND DOES 1 TO 30**

11          **BREACH OF THE IMPLIED WARRANTY OF FITNESS**

12                 **CAL. CIV. CODE § 1794**

13        14.     Plaintiff incorporates by reference the allegations contained in paragraphs 1

14    through 8, above.

15        15.     Defendant Warrantor is a manufacturer, distributor, or seller who had reason to

16    know at the time of the retail sale that the Vehicle was required for a particular purpose and that

17    the Plaintiff was relying on the Defendant Warrantor's skill or judgment to select or furnish

18    suitable goods.

19        16.     Pursuant to Civil Code § 1792.1, the sale of the Vehicle was accompanied by

20    Defendant Warrantor's implied warranty that the Vehicle would be fit for Plaintiff's particular

21    purpose. The duration of the implied warranty is coextensive in duration with the duration of the

22    express written warranty provided by Defendant Warrantor.

23        17.     On or about September 13, 2019, or during the time period in which the implied

24    warranty was in effect, the Vehicle contained or developed the defects stated in paragraph 7,

25    above. The existence of each of these defects constitutes a breach of the implied warranty

26    because the Vehicle is not fit for Plaintiff's particular purpose.

27

28

HUTCHENS LAW, APC
20902 BROOKHURST ST., SUITE 210
HUNTINGTON BEACH, CALIFORNIA 92646
TELEPHONE: +1 (714) 406-2624

1    18.    Plaintiff has been damaged by Defendant Warrantor's failure to comply with its

2    obligations under the implied warranty, and therefore brings this claim pursuant to Civil Code §

3    1794.

### THIRD CAUSE OF ACTION

### BY PLAINTIFF MIRNA FLAMENCO AGAINST DEFENDANTS MERCEDES-BENZ

### USA, LLC AND DOES 1 TO 40

### BREACH OF EXPRESS WARRANTY

### CAL. CIV. CODE § 1794

9    19.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

10   through 8, above.

11   20.    In accordance with Defendant Warrantor's warranty, Plaintiff delivered the

12   Vehicle to Defendant Warrantor's representative in this state to perform warranty repairs.

13   Plaintiff may continue to do so even after this lawsuit is filed.  Plaintiff did so within a

14   reasonable time.  Each time Plaintiff delivered the Vehicle, Plaintiff notified Defendant

15   Warrantor and its representative of the characteristics of the defects.  However, the

16   representative failed to repair the Vehicle, breaching the terms of the written warranty on each

17   occasion.

18   21.    In addition, Defendant provided a warranty by virtue of a sample or model.

19   However, the Vehicle did not conform to the sample or model that Defendant provided.

20   22.    Plaintiff has been damaged by Defendant Warrantor's failure to comply with its

21   obligations under the express warranty, and therefore brings this claim pursuant to Civil Code §

22   1794(a).

23   23.    Civil Code § 1794(a) is a statute that imposes strict liability without regard to

24   intent and which is intended to protect the general welfare.  Defendants DOES 31 to 40 are

25   persons who are in a position of responsibility which allows them to influence business policies

26   or the activities of the entity Defendants in this action.  There is a nexus between their position in

27   the entity and the violation alleged here such that they could have influenced the actions which

28   constituted the violations.  Their actions or inactions facilitated the violations alleged herein.

HUTCHENS LAW, APC
20902 BROOKHURST ST., SUITE 210
HUNTINGTON BEACH, CALIFORNIA 92646
TELEPHONE: +1 (714) 406-2624

HUTCHENS LAW, APC
20902 BROOKHURST ST., SUITE 210
HUNTINGTON BEACH, CALIFORNIA 92646
TELEPHONE: +1 (714) 406-2624

24.     Defendant Warrantor's failure to comply with its obligations under the express warranty was willful, in that Defendant Warrantor and its representative were aware of their obligation to repair the Vehicle under the express warranty, but they intentionally declined to fulfill that obligation.  Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code § 1794(c).

## FOURTH CAUSE OF ACTION

### BY PLAINTIFF MIRNA FLAMENCO AGAINST DEFENDANTS MERCEDES-BENZ USA, LLC AND DOES 1 TO 40

### FAILURE TO PROMPTLY REPURCHASE PRODUCT

### CAL. CIV. CODE § 1793.2(d)

25.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 8, above.

26.     Defendant Warrantor and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of attempts.  Despite this fact, Defendant Warrantor failed to promptly replace the Vehicle or make restitution to Plaintiff as required by Civil Code §§ 1793.2(d) and 1793.1(a)(2), and will continue to fail to promptly do so even after this lawsuit is filed.

27.     Plaintiff has been damaged by Defendant Warrantor's failure to comply with its obligations pursuant to Civil Code §§ 1793.2(d) and 1793.1(a)(2), and therefore brings this claim pursuant to § 1794.

28.     Civil Code § 1793.2(d) is a statute that imposes strict liability without regard to intent and which is intended to protect the general welfare.  Defendants DOES 31 to 40 are persons who are in a position of responsibility which allows them to influence business policies or the activities of the entity Defendants in this action.  There is a nexus between their position in the entity and the violation alleged here such that they could have influenced the actions which constituted the violations.  Their actions or inactions facilitated the violations alleged herein.

29.     Defendant Warrantor's failure to comply with its obligations under § 1793.2(d) was willful, in that Defendant Warrantor and its representative were aware that they were unable

1   to service or repair the Vehicle to conform to the applicable express warranties after a reasonable

2   number of repair attempts, yet Defendant Warrantor failed and refused to promptly replace the

3   Vehicle or make restitution despite Plaintiff's demand.  Accordingly, Plaintiff is entitled to a

4   civil penalty of two times Plaintiff's actual damages pursuant to § 1794(c).

5        30.    Despite Defendant Warrantor's violation of § 1793.2(d) and its notice thereof,

6   Defendant Warrantor failed to comply with its obligations within a reasonable time.

7   Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages

8   pursuant to Civil Code § 1794(e).

9        31.    Plaintiff seeks civil penalties pursuant to § 1794, subdivisions (c) and (e) in the

10   alternative and does not seek to cumulate civil penalties, as provided in § 1794(f).

11   **FIFTH CAUSE OF ACTION**

12   **BY PLAINTIFF MIRNA FLAMENCO AGAINST DEFENDANTS MERCEDES-BENZ**

13   **USA, LLC AND DOES 1 TO 40**

14   **FAILURE TO COMMENCE REPAIRS WITHIN A REASONABLE TIME**

15   **CAL. CIV. CODE § 1794**

16        32.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

17   through 8, above.

18        33.    Although Plaintiff delivered the Vehicle to Defendant Warrantor's representative

19   in this state and may continue to do so even after this lawsuit is filed, Defendant Warrantor and

20   its representative failed to commence the service or repairs within a reasonable time.

21        34.    Plaintiff has been damaged by Defendant Warrantor's failure to comply with its

22   obligations pursuant to § 1793.2(b), and therefore brings this claim pursuant to § 1794.

23        35.    Civil Code § 1793.2(b) is a statute that imposes strict liability without regard to

24   intent and which is intended to protect the general welfare.  Defendants DOES 31 to 40 are

25   persons who are in a position of responsibility which allows them to influence business policies

26   or the activities of the entity Defendants in this action.  There is a nexus between their position in

27   the entity and the violation alleged here such that they could have influenced the actions which

28   constituted the violations.  Their actions or inactions facilitated the violations alleged herein.

HUTCHENS LAW, APC<br>20902 BROOKHURST ST., SUITE 210<br>HUNTINGTON BEACH, CALIFORNIA 92646<br>TELEPHONE: +1 (714) 406-2624

HUTCHENS LAW, APC
20902 BROOKHURST ST., SUITE 210
HUNTINGTON BEACH, CALIFORNIA 92646
TELEPHONE: +1 (714) 406-2824

36. Defendant Warrantor's failure to comply with its obligations under § 1793.2(b) was willful, in that Defendant Warrantor and its representative were aware that they were obligated to commence repair within a reasonable time, yet they failed to do so. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to § 1794(c).

## SIXTH CAUSE OF ACTION

## BY PLAINTIFF MIRNA FLAMENCO AGAINST DEFENDANTS MERCEDES-BENZ USA, LLC AND DOES 1 TO 40

## FAILURE TO COMPLETE REPAIRS WITHIN 30 DAYS

## CAL. CIV. CODE § 1794

37. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 8, above.

38. Although Plaintiff delivered the Vehicle to Defendant Warrantor's representative in this state and may continue to do so even after this lawsuit is filed, Defendant Warrantor and its representative failed to service or repair the Vehicle so as to conform to the applicable warranties within 30 days, in violation of Civil Code § 1793.2(b). Plaintiff did not extend the time for completion of repairs beyond the 30-day requirement.

39. Plaintiff has been damaged by Defendant Warrantor's failure to comply with its obligations pursuant to § 1793.2(b), and therefore brings this claim pursuant to § 1794.

40. Civil Code § 1793.2(b) is a statute that imposes strict liability without regard to intent and which is intended to protect the general welfare. Defendants DOES 31 to 40 are persons who are in a position of responsibility which allows them to influence business policies or the activities of the entity Defendants in this action. There is a nexus between their position in the entity and the violation alleged here such that they could have influenced the actions which constituted the violations. Their actions or inactions facilitated the violations alleged herein.

41. Defendant Warrantor's failure to comply with its obligations under § 1793.2(b) was willful, in that Defendant Warrantor and its representative were aware that they were obligated to service or repair the Vehicle to conform to the applicable express warranties within

1   30 days, yet they failed to do so. Accordingly, Plaintiff is entitled to a civil penalty of two times

2   Plaintiff's actual damages pursuant to § 1794(c).

### SEVENTH CAUSE OF ACTION

### BY PLAINTIFF MIRNA FLAMENCO AGAINST DEFENDANTS MERCEDES-BENZ

### USA, LLC AND DOES 1 TO 40

### FAILURE TO MAINTAIN SUFFICIENT SERVICE AND REPAIR FACILITIES

### CAL. CIV. CODE § 1794

8       42.     Plaintiff incorporates by reference the allegations contained in paragraphs 1

9   through 8, above.

10       43.     Defendant Warrantor has failed to maintain in this state sufficient service and

11   repair facilities reasonably close to all areas where its consumer goods are sold to carry out the

12   terms of the warranties or to designate and authorize in this state as service and repair facilities

13   independent repair or service facilities reasonably close to all areas where its consumer goods are

14   sold to carry out the terms of the warranty as required by Civil Code § 1793.2(a).

15       44.     Plaintiff has been damaged by Defendant Warrantor's failure to comply with its

16   obligations pursuant to § 1793.2(a), and therefore brings this claim pursuant to § 1794.

17       45.     Civil Code § 1793.2(a) is a statute that imposes strict liability without regard to

18   intent and which is intended to protect the general welfare. Defendants DOES 31 to 40 are

19   persons who are in a position of responsibility which allows them to influence business policies

20   or the activities of the entity Defendants in this action. There is a nexus between their position in

21   the entity and the violation alleged here such that they could have influenced the actions which

22   constituted the violations. Their actions or inactions facilitated the violations alleged herein.

23       46.     Defendant Warrantor's failure to comply with its obligations under § 1793.2(a)

24   was willful, in that Defendant was aware that it was obligated to maintain in this state sufficient

25   service and repair facilities reasonably close to all areas where its consumer goods are sold to

26   carry out the terms of the warranties or to designate and authorize in this state as service and

27   repair facilities independent repair or service facilities reasonably close to all areas where its

28   consumer goods are sold to carry out the terms of the warranty, yet it failed to do so.

HUTCHENS LAW, APC
20902 BROOKHURST ST., SUITE 210
HUNTINGTON BEACH, CALIFORNIA 92646
TELEPHONE: +1 (714) 406-2624

- 9 -

1    Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages
2    pursuant to § 1794(c).

3                              **EIGHTH CAUSE OF ACTION**
4    **BY PLAINTIFF MIRNA FLAMENCO AGAINST DEFENDANTS MERCEDES-BENZ**
5                           **USA, LLC AND DOES 1 TO 40**
6        **FAILURE TO MAKE SERVICE LITERATURE AND PARTS AVAILABLE**
7                           **CAL. CIV. CODE § 1794**

8        47.    Plaintiff incorporates by reference the allegations contained in paragraphs 1
9    through 8, above.

10       48.    Defendant Warrantor has failed to make available to authorized service and repair
11   facilities sufficient service literature and replacement parts to effect repairs during the express
12   warranty period, as required by Civil Code § 1793.2(a)(3).

13       49.    Plaintiff has been damaged by Defendant Warrantor's failure to comply with its
14   obligations pursuant to § 1793.2(a)(3), and therefore brings this claim pursuant to § 1794.

15       50.    Civil Code § 1793.2(a)(3) is a statute that imposes strict liability without regard to
16   intent and which is intended to protect the general welfare.  Defendants DOES 31 to 40 are
17   persons who are in a position of responsibility which allows them to influence business policies
18   or the activities of the entity Defendants in this action.  There is a nexus between their position in
19   the entity and the violation alleged here such that they could have influenced the actions which
20   constituted the violations.  Their actions or inactions facilitated the violations alleged herein.

21       51.    Defendant Warrantor's failure to comply with its obligations under § 1793.2(a)(3)
22   was willful, in that Defendant Warrantor was aware that it was obligated to make available to its
23   authorized service and repair facilities sufficient service literature and replacement parts to effect
24   repairs during the express warranty period, yet it failed to do so.  Accordingly, Plaintiff is
25   entitled to a civil penalty of two times Plaintiff's actual damages pursuant to § 1794(c).

26
27
28

Complaint; Demand For Electronic Service; Demand For Jury Trial

HUTCHENS LAW, APC
20902 BROOKHURST ST., SUITE 210
HUNTINGTON BEACH, CALIFORNIA 92646
TELEPHONE: +1 (714) 406-2624

HUTCHENS LAW, APC
20902 BROOKHURST ST., SUITE 210
HUNTINGTON BEACH, CALIFORNIA 92646
TELEPHONE: +1 (714) 406-2624

**NINTH CAUSE OF ACTION**

**BY PLAINTIFF MIRNA FLAMENCO AGAINST DEFENDANTS MERCEDES-BENZ USA, LLC AND DOES 1 TO 30**

**ADVERTISING DEFECTIVE MERCHANDISE WITHOUT DISCLOSING DEFECTS**

**BUS. & PROF. CODE, § 17531; § 17535**

52.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 2, above.

53.     On or about September 13, 2019, Defendant Warrantor advertised, called attention to, or gave publicity to the sale of merchandise, which merchandise was defective in any manner, without conspicuously displaying directly in connection with the name and description of that merchandise and each article, unit, or part thereof, a direct and unequivocal statement, phrase, or word which clearly indicated that the merchandise or each article, unit, or part thereof so advertised was defective, in violation of Business & Professions Code section 17531.

54.     The representations were made in a newspaper, magazine, circular, form letter or in an open publication, published, distributed, or circulated in this state, including over the Internet, or on any billboard, card, label, or other advertising medium, or by means of another advertising device.

55.     Plaintiff has suffered injury in fact and has lost money or property as a result of Defendant Warrantor's violation of Business & Professions Code section 17531. Pursuant to Business & Professions Code section 17535, the Court may enjoin Defendant Warrantor from engaging in any future violations of section 17531, and may make such orders or judgments, including the appointment of a receiver, as may be necessary to restore to Plaintiff any money or property, real or personal, which may have been acquired by means of the violation of Business & Professions Code section 17531.

HUTCHENS LAW, APC
20902 BROOKHURST ST., SUITE 210
HUNTINGTON BEACH, CALIFORNIA 92646
TELEPHONE: +1 (714) 406-2624

**TENTH CAUSE OF ACTION**

**BY PLAINTIFF MIRNA FLAMENCO AGAINST DEFENDANTS MERCEDES-BENZ USA, LLC AND DOES 1 TO 30**

**CONVERSION**

56.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 2, above.

57.     Plaintiff is the owner of and has an immediate right to possession of a specific sum of money which is capable of identification. (*Farmers Ins. Ex. v. Zerin* (1997) 53 Cal.App.4th 445, 451-52.) Specifically, pursuant to Civil Code § 1793.2(d), Plaintiff is entitled to restitution of the amounts paid or payable for the Vehicle from Defendant.

58.     Instead of delivering the money to which Plaintiff is entitled to Plaintiff, Defendant has wrongfully converted that money for its own use.

59.     As a result of Defendant's conversion, Plaintiff has suffered damages.

60.     Defendant's conduct was fraudulent, oppressive, and malicious, and thus, Plaintiff is entitled to recover punitive damages pursuant to Civil Code section 3294. Specifically, Defendant was aware of its obligation to make restitution to Plaintiff and intentionally failed to do so. In addition, Defendant falsely and intentionally misrepresented to Plaintiff that it was not obligated to make restitution. Furthermore, Defendant is aware that Plaintiff has little choice but to continue using the defective Vehicle until Defendant makes restitution, and Defendant intentionally refused to make restitution to Plaintiff with the intent of arguing that Plaintiff's continued use is a reason to deny restitution to Plaintiff.

**ELEVENTH CAUSE OF ACTION**

**BY PLAINTIFF MIRNA FLAMENCO AGAINST DEFENDANTS DOES 41 TO 50**

**NEGLIGENCE**

61.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 2, above.

62.     Defendants DOES 41 to 50 (hereafter "Defendant Dealer") are engaged in the business of providing service or repair to new or used consumer goods.

- 12 -

HUTCHENS LAW, APC
20902 BROOKHURST ST., SUITE 210
HUNTINGTON BEACH, CALIFORNIA 92646
TELEPHONE: +1 (714) 406-2624

63.   In undertaking to perform those services, Defendant Dealer had a duty to perform those services in a good and workmanlike manner.

64.   On a date within two years before this pleading was filed with the Court, Plaintiff sought repairs from Defendant Dealer.  However, Defendant Dealer breached its duty to Plaintiff to perform those repairs in a good and workmanlike manner.

65.   As a direct and proximate result of Defendant Dealer's breach, Plaintiff has been damaged in an amount to be proven at trial.

**TWELFTH CAUSE OF ACTION**

**BY PLAINTIFF MIRNA FLAMENCO AGAINST DEFENDANTS DOES 41 TO 50**

**VIOLATION OF CIVIL CODE SECTION 1796.5**

66.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 2, above.

67.   Defendants DOES 41 to 50 (hereafter "Defendant Dealer") are individuals, partnerships, corporations, associations, or some other kind of legal relationship which engage in the business of providing service or repair to new or used consumer goods.

68.   Pursuant to Civil Code section 1796.5, Defendant Dealer had a duty to the purchaser to perform those services in a good and workmanlike manner.

69.   On a date within two years before this pleading was filed with the Court, Plaintiff sought repairs from Defendant Dealer.  However, Defendant Dealer breached their duty to Plaintiff to perform those services in a good and workmanlike manner.

70.   As a direct and proximate result of Defendant Dealer's breach, Plaintiff has been damaged in an amount to be proven at trial.

**Prayer**

PLAINTIFF PRAYS for judgment against Defendants as follows:

1.   For Plaintiff's damages in the amount of at least $77,308.32.

2.   For restitution to Plaintiff in the amount of at least $77,308.32.

3.   On Plaintiff's Fourth Cause of Action, for a declaration that Defendant is legally required to repurchase or replace Plaintiff's Vehicle pursuant to subdivision (d)(2) of Civil Code

- 13 -

1    section 1793.2, to make restitution to Plaintiff pursuant to that same section, and to brand the

2    title as required by subdivision (c) of Civil Code section 1793.23.

3        4.    On Plaintiff's Third Cause of Action, for a civil penalty for each violation in the

4    amount of at least $154,616.64 pursuant to Civil Code § 1794(c) and (e).

5        5.    On Plaintiff's Fourth Cause of Action, for a civil penalty for each violation in the

6    amount of at least $154,616.64 pursuant to Civil Code § 1794(c).

7        6.    On Plaintiff's Fifth Cause of Action, for a civil penalty for each violation in the

8    amount of at least $154,616.64 pursuant to Civil Code § 1794(c).

9        7.    On Plaintiff's Sixth Cause of Action, for a civil penalty for each violation in the

10   amount of at least $154,616.64 pursuant to Civil Code § 1794(c).

11       8.    On Plaintiff's Seventh Cause of Action, for a civil penalty for each violation in

12   the amount of at least $154,616.64 pursuant to Civil Code § 1794(c).

13       9.    On Plaintiff's Eighth Cause of Action, for a civil penalty for each violation in the

14   amount of at least $154,616.64 pursuant to Civil Code § 1794(c).

15       10.    For an order enjoining Defendants from engaging in any act or practice

16   constituting a violation of Business & Professions Code section 17531.

17       11.    For punitive damages.

18       12.    For any consequential and incidental damages.

19       13.    For costs of the suit and Plaintiff's reasonable attorneys' fees.

20       14.    For prejudgment interest at the legal rate.

21       15.    And for such other relief as the Court may deem proper.

22   **Demand for Electronic Service**

23   Plaintiff requests electronic service.  Plaintiff's counsel's electronic service address is

24   "kalman@hutchenslemonlaw.com".  Pursuant to subdivision (e)(2) of Code of Civil Procedure

25   section 1010.6, any party who is represented by counsel is required to electronically serve

26   Plaintiff's counsel with any notice or document that is permitted to be served by mail, express

27   mail, overnight delivery, or facsimile transmission.

28

HUTCHENS LAW, APC
20902 BROOKHURST ST., SUITE 210
HUNTINGTON BEACH, CALIFORNIA 92646
TELEPHONE: +1 (714) 406-2624

**<u>Demand for Jury Trial</u>**

Plaintiff demands a jury trial on all causes of action asserted herein.

Dated:  August 13, 2021

HUTCHENS LAW, APC


By: s/ Kalman A. Hutchens_____
Kalman A. Hutchens
Attorney for Plaintiff Mirna Flamenco

Complaint; Demand For Electronic Service; Demand For Jury Trial

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE | *FOR COURT USE ONLY* |
|---|---|
| STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE |
| PLANTIFF: Mirna Flamenco | **Aug 16, 2021** |
| DEFENDANT: Mercedes-Benz USA, LLC | Clerk of the Court<br>By: Hailey McMaster, Deputy |
| Short Title: FLAMENCO VS. MERCEDES-BENZ USA, LLC | |

| **NOTICE OF HEARING**<br>**CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2021-01215912-CU-BC-CJC |
|---|---|

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>01/31/2022</u> at <u>09:00:00 AM</u> in Department <u>C34</u> of this court, located at <u>Central Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html

**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html

Clerk of the Court,  By: *H. McMaster* _____ , Deputy

**NOTICE OF HEARING**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

**SHORT TITLE:** FLAMENCO VS. MERCEDES-BENZ USA, LLC

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER: 30-2021-01215912-CU-BC-CJC |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above <u>Notice of Hearing</u> has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at <u>Santa Ana</u>, <u>California</u>, on <u>08/16/2021</u>. Following standard court practice the mailing will occur at <u>Sacramento</u>, <u>California</u> on <u>08/17/2021</u>.

Clerk of the Court, by: *H. McMaster* , Deputy

HUTCHENS LAW, APC
20902 BROOKHURST STREET # 210
HUNTINGTON BEACH, CA 92646

---

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Page: 2

V3 1013a (June 2004)

Code of Civil Procedure , § CCP1013(a)