JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 8:22-cv-00082-DOC-KES                      Date: February 28, 2022

Title: MIRNA FLAMENCO v. MERCEDES-BENZ USA, LLC ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING MOTION TO REMAND [17]**

Before the Court is Plaintiff Mirna Flamenco's ("Plaintiff") Motion to Remand ("Motion" or Mot.") (Dkt.17). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers submitted by the parties, the Court **GRANTS** Plaintiff's Motion to Remand and **VACATES** the hearing scheduled for March 7, 2022.

### I. Background

#### A. Facts

Plaintiff leased a Mercedes-Benz E450A (the "Vehicle") in September 2019 for personal, household, or family use. First Amended Complaint ("FAC") ¶ 5 (Dkt. 1-4). In consideration, Plaintiff paid $77,308.32, including "taxes, license, and finance charges." *Id.* Plaintiff signed an express warranty in the lease agreement, which provides in relevant part, that if a defect occurs during the warranty period, then Defendant Mercedes-Benz USA's ("Defendant MBUSA") representative would repair the Vehicle. *Id.* ¶ 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:22-cv-00082-DOC-KES　　　　　　　　　　　　　　Date: February 28, 2022

Page 2

Plaintiff alleges that during the warranty period, the Vehicle developed numerous defects, *id.* ¶ 8, and has instituted this suit to cancel the sale, *id.* ¶ 9.

### B.　Procedural History

On August13, 2021, Plaintiff filed this case in Orange County Superior Court. Mot. at 5. Plaintiff names Defendant MBUSA and Does 1-50 as defendants. *See generally* FAC. In regard to the unspecified Defendants, the FAC states that Plaintiff was not aware of their identities at the time of filing, and should Plaintiff become aware, the FAC would be timely amended. *Id.* at ¶ 3.

On October 7, 2021, Defendant MBUSA removed the case to this Court. (Dkt. 1-3). On October 28, 2021, Plaintiff amended her Complaint to add Mercedes-Benz of Ontario as another Defendant. (Dkt. 17-1).

Plaintiff filed to remand the case to Orange County Superior Court on November 8, 2021. (Dkt. 1-5). Because the parties stipulated to remand, this Court granted Plaintiff's motion on November 18, 2021, and remanded the action to Orange County Superior Court. (Dkt. 1-16). Once in Orange County Superior Court, Mercedes-Benz of Ontario moved to compel arbitration. On December 23, 2021, Plaintiff dismissed Mercedes-Benz of Ontario from the action. (Dkt. 1-17).

On December 21, 2021, Plaintiff amended the Complaint and named Walter's Mercedes-Benz of Riverside ("Defendant WMBR") as a named defendant in place of Doe 41. Mot. at 7. Plaintiff brought two causes of action against Defendant WMBR: negligence and violation of California Civil Code § 1796.5, the duty to service or repair goods in a workmanlike manner. *See generally* FAC.

Defendant MBUSA filed a Motion for Removal on January 18, 2022, ("Notice of Removal") (Dkt.1), to which Plaintiff responded by filing the present Motion. Defendant MBUSA opposed Plaintiff's Motion ("Opp'n") on February 14, 2022. (Dkt. 20). Plaintiff replied ("Reply") on February 15, 2022 (Dkt. 22).

### II.　Legal Standard

Removal of a case from state to federal court is governed by 28 U.S.C. § 1441, which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:22-cv-00082-DOC-KES　　　　　　　　　　　　　Date: February 28, 2022

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

the district court of the United States for the district and division embracing the place where such action is pending." The removing defendant must file a notice of removal in the appropriate United States District Court, together with all process, pleadings, and orders served upon the defendant. 28 U.S.C. § 1446(a). Notice of removal must be filed within 30 days of receiving a copy of the original complaint, or "within 30 days after the service of summons upon the defendant, if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." *Id.* § 1446(b). Remand may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. *Id.* § 1447(c).

　　　"A successive removal petition is only permitted upon a 'relevant change of circumstances' - that is, 'when subsequent pleadings or events reveal a new and different ground for removal.'" *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015) (internal citation omitted).

　　　To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, (1941)). If there is any doubt as to the right of removal in the first instance, remand must be ordered. *See Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). "The party seeking removal bears the burden of establishing federal jurisdiction." *Id.*; *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

　　　A federal court has diversity jurisdiction if (1) the controversy is between "citizens of different States," and (2) the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity, meaning that no plaintiff can be from the same state any defendant. *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006). Thus, a case ordinarily cannot be removed to the federal court if a plaintiff and a defendant are citizens of the same state. *See* 28 U.S.C. § 1332(a).

　　　However, removal is proper despite the presence of a non-diverse defendant where that defendant is fraudulently joined as a sham defendant. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned. *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:22-cv-00082-DOC-KES                      Date: February 28, 2022

Page 4

1426 (9th Cir. 1989). The failure to state a claim against the non-diverse defendant must be "obvious according to the well-settled rules of the state." *United Comp. Sys. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002).

There is a well-established "presumption against finding fraudulent joinder." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). The "general presumption" is that the inclusion of a defendant residing in the same state as the plaintiff is not for the sole purpose of defeating diversity jurisdiction. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). This presumption requires defendants to "do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (internal citations omitted). Lastly, a fraudulent joinder "must be proven by clear and convincing evidence." *Hamilton Materials*, 494 F.3d at 1206.

### III. Discussion

The parties raise several issues in the moving papers, including whether (1) Defendant WMBR was fraudulently joined; (2) Defendant MBUSA met their burden to establish diversity; and (3) to award attorney's fees or issue sanctions. The Court will address each argument in turn.

#### A. Fraudulent Joinder

Defendant MBUSA argues that Plaintiff's joinder of Defendant WMBR is a fraudulent "attempt[] to 'game the system' in bad faith in an effort to defeat diversity" and, as such, that the case should remain in federal court. Opp'n at 3, 5. Plaintiff argues that joinder was not fraudulently done to defeat diversity because the allegations "*always* alleged claims against Defendant [WMBR], but did so using a fictitious name, DOE 41, because its true name was not yet known." Reply at 8.

"There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *GranCare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)). "Fraudulent joinder is established the second way if a defendant shows that an 'individual[] joined in the action cannot be liable on any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:22-cv-00082-DOC-KES                                     Date: February 28, 2022

Page 5

theory.'" *Id.* (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). "[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046 (quoting *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir.2003) (per curiam)). Defendants seeking removal based on fraudulent joinder must overcome both "the strong presumption against removal jurisdiction" and the "general presumption against fraudulent joinder." *Id.* (citation omitted).

Here, Defendant MBUSA alleges that Plaintiff is forum shopping and acting in bad faith to "avoid the jurisdiction of the federal court." Opp'n at 4. Defendant MBUSA first points to Plaintiff's dismissal of Mercedes Benz of Ontario in the state court action as evidence of Plaintiff's bad faith, because after case was remanded, "Defendants MBUSA and Mercedes-Benz of Ontario filed a Motion to Compel Binding Arbitration [and] Plaintiff's Counsel dismissed the state court action against Mercedes-Benz of Ontario." *Id.* at 5. Defendant argues that immediately dismissing Mercedes-Benz of Ontario demonstrates "that Plaintiff never intended to have Mercedes-Benz of Ontario as a defendant except for purposes of destroying diversity and having this matter remanded back to State Court." *Id.* This argument is conclusory and does not provide the Court with "clear and convincing evidence" that joining Defendant WMBR was fraudulent. *Hamilton Materials*, 494 F.3d at 1206.

Defendant MBUSA then argues that joinder was fraudulent because "there is no possibility that Plaintiff can establish a cause of action against [Defendant WMBR]." Opp'n at 6. The Court disagrees. In the FAC, Plaintiff alleged several causes of action against Defendant MBUSA and Defendant WMBR. Notably, Plaintiff brought two causes of action against Defendant WMBR: negligence and violation of California Civil Code § 1796.5, the duty to service or repair goods in a workmanlike manner. *See generally* FAC; Cal Civ Code § 1796.5. In particular, Plaintiff alleges that Defendant WMBR failed to perform its duty to repair the Vehicle in a workman like manner. *See* FAC ¶¶ 64–65, 69–70. This is a valid cause of action under California law, and therefore, constitutes a proper joinder of parties.

Finally, the Song-Beverly Consumer Warranty Act does not preclude Plaintiff from bringing non-Song-Beverly claims against other defendants post-filing. *See* Opp'n at 6. The Song-Beverly Act applies to Chapter 1 (Consumer Warranty Protection) of the title (§§ 1790-1795.8). *See* Cal Civ Code § 1790, *et seq.* Plaintiff alleges Defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:22-cv-00082-DOC-KES | Date: February 28, 2022 |

Page 6

WMBR violated California Civil Code 1796.5, the duty to service or repair goods in a workmanlike manner. Section 1796.5 is in Chapter 2 (Standards of Warranty Work) of the title, and is therefore, not part of the Song-Beverly Act. As such, Defendant MBUSA's argument that "Plaintiff can't bring a cause of action against [Defendant WMBR] under Song-Beverly" post-filing lacks merit.

Accordingly, because Defendant MBUSA has not demonstrated that joinder was fraudulent using "clear and convicting evidence," *Hamilton Materials*, 494 F.3d at 1206, and because Plaintiff has a possible cause of action against Defendant WMBR, the Court finds that joinder was not fraudulent.

### B. Evidence of Diversity

Because joinder was not fraudulent, the Court will next analyze whether Defendant MBUSA has met its burden in establishing that the Court has subject matter jurisdiction. The Court is not convinced that complete diversity exists here.

Defendant MBUSA, as the party seeking removal, bears the burden of establishing that the Court has jurisdiction. *Ethridge*, 861 F.2d at 1393; *McNutt*, 298 U.S. at 189. Here, Defendant MBUSA has not provided the Court with sufficient evidence to support a finding that each of the three parties involved in the litigation are diverse. Significantly, Defendant MBUSA has not established Defendant WMBR's state of citizenship or that it is diverse from Plaintiff's citizenship.

Without evidence establishing that the parties are diverse, combined with "the strong presumption against removal jurisdiction," *Hunter*, 582 F.3d at 1046, the Court GRANTS Plaintiff's Motion and REMANDS the case to the Superior Court of Orange County.

### C. Attorney's Fees

Finally, Plaintiff requests an award of attorney's fees in the amount of $6,130 pursuant to 28 U.S.C. § 1447(c), or a monetary sanction in the same amount pursuant to Local Rules 11-9 and 83-7 because Defendant MBUSA did not comply with Local Rule 7-3. Mot. at 2. However, the Court does not see a need for sanctions based on Local Rule 7-3 and will address only whether to award attorney's fees. As discussed below, the Court awards Plaintiff attorney's fees in the amount of $6,130.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:22-cv-00082-DOC-KES  Date: February 28, 2022

Page 7

Plaintiff requests attorney's fees be awarded pursuant to 28 U.S.C. § 1447(c). *Id.* at 12. Conversely, Defendant MBUSA contends that attorney's fees should not be awarded to Plaintiff because removal was made in good faith. Opp'n at 8.

When remanding a case, a court may, in its discretion, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *see also Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015). Typically, a court may only award fees and costs when "the removing party lacked an objectively reasonable basis for seeking removal." *Id.* (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). In making this determination, courts should look at whether the removing party's arguments are "clearly foreclosed" by the relevant case law. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066–67 (9th Cir. 2008). The Ninth Circuit has further clarified that "removal is not objectively unreasonable solely because the removing party's arguments lack merit." *Id.* at 1065. However, a court need not find the removing party acted in bad faith before awarding fees under § 1447(c). *Moore v. Permanente Med. Grp.*, 981 F.2d 443, 446 (9th Cir. 1992).

To recall, this case was first remanded on November 18, 2021. Once in Orange County Superior Court, Mercedes-Benz of Ontario moved to compel arbitration. On December 21, 2021, Plaintiff amended the Complaint to include Defendant WMBR as a named defendant in place of Doe 41. Mot. at 7.  Subsequently, on December 23, 2021, Plaintiff dismissed Mercedes-Benz of Ontario from the action. (Dkt. 1-17).

Defendant MBUSA then removed the state court action to this Court on January 18, 2022, claiming that diversity existed between Plaintiff and Defendant MBUSA. Notice of Removal at 2–3.

However, the Notice of Removal did not mention Defendant WMBR, despite being named as a defendant prior to Defendant MBUSA's second Notice of Removal. *See* Mot. at 7. On the contrary, Defendant MBUSA's counsel declaration attached to the Notice of Removal very clearly states that "Defendant MBUSA is the only named defendant in this action." (Dkt. 1-1). In fact, *none* of Defendant MBUSA's communications with this Court mention Defendant WMBR's citizenship. While Defendant MBUSA claims to have been unaware of the addition of Defendant WMBR as a named defendant, Opp'n at 3, this argument is unpersuasive. Unlike in *Tetuan v.*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:22-cv-00082-DOC-KES | Date: February 28, 2022 |
| | Page 8 |

*Subaru of America*, where defense counsel was unaware that plaintiff joined another defendant to the case one day prior to removal, Defendant MBUSA had approximately three weeks to learn about Defendant WMBR's joinder. *Tetuan v. Subaru of Am.*, No. 19-cv-10160-PA, 2020 WL 402127, at *3 (C.D. Cal. Jan. 23, 2020) (declining to award attorney's fees because it was not "objectively unreasonable" for Defendant to be unaware of the additional defendant because the amendment "had not yet posted to the state court docket").

It is "objectively unreasonable" not to determine if all of the parties are diverse before removing a case to federal court on the basis of diversity jurisdiction. The Court therefore awards Plaintiff attorney's fees in the amount of $6,130.

**IV.     Disposition**

For the reasons set forth above, the Court GRANTS Plaintiff's Motion and hereby REMANDS this case to the Superior Court of Orange County, California.

The Clerk shall serve this minute order on the parties.

| | |
|---|---|
| MINUTES FORM 11 | Initials of Deputy Clerk: kdu |
| CIVIL-GEN | |